IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JEFFREY HENSON, SR, <br>     Plaintiff, <br><br> v. <br><br> THOMAS et. al, <br>     Defendants. | Case No. 1:25-cv-01185-JEH-RLH |

**Order**

Now before the Court is the Plaintiff's Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (D. 26).[1] For the reasons set forth *infra*, the Plaintiff's Motion (D. 26) is denied.

**I**

On May 12, 2025, the Plaintiff filed the instant Complaint. (D. 1). Since then, issues have arisen in this case with respect to the Complaint revealing personally identifiable information, *see* 05/13/2025 Text Order, along with various issues relating to service, *see, e.g.*, 10/16/2025 Text Order, among others. Subsequently, on December 22, 2025, the Plaintiff filed an Emergency Motion for Preliminary Injunction and TRO. (D. 26). The Defendants filed a Response (D. 28) on January 2, 2026, to which the Plaintiff filed a Reply on the same day. (D. 29). The matter is now fully briefed.

**II**

The Complaint is a civil rights action alleging the Defendants, FBI Special Agents Eric Thomas and Andrew Huckstadt ("Defendants"), violated Plaintiff's

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

First, Fourth, and Fifth Amendment rights. (D. 6 at ECF p. 1). In particular, the Plaintiff claims that the "Defendants have engaged in a pattern of unauthorized, retaliatory, and harmful conduct targeting Plaintiff's lawful legal support and advocacy work." *Id.* He claims that, since being released from federal custody, he has worked to found a "legal consulting business, working under the supervision of a licensed attorney, and attending college full-time" and that the Defendants have worked to undermine these efforts, including by "lying to Plaintiff's employer in an effort to get him terminated," accessing his financial accounts unlawfully, and harassing "Plaintiff's clients and business associates under the guise of an investigation." (D. 6 at ECF p. 2). Plaintiff claims the Defendants' actions have also caused him economic and reputational harm, in addition to having a "chilling effect on client relationships and new business opportunities." *Id.* at ECF p. 3.

With respect to the Motion for TRO and Preliminary Injunction, the Plaintiff asks the Court to prohibit the Defendants "and all persons acting in concert with them, from initiating, presenting, directing, or participating in any grand jury or criminal proceeding concerning Plaintiff pending further order of the Court." (D. 26 at ECF p. 6). Furthermore, the Motion asks the Court to preserve the "status quo pending a prompt preliminary injunction hearing" and characterizes the relief sought as seeking "only protection from [the] irreparable harm caused by [a] criminal process that bears the hallmarks of retaliation and taint". *Id.* In so requesting, the Plaintiff bases his Motion on the fact that the Defendants allegedly interviewed and informed his employer, Mr. Panichi, that "Plaintiff had stolen from every employer he had ever worked for" and that the Defendants also contacted and questioned Plaintiff's clients, reflecting what the Plaintiff considers to be evidence of a "pattern of interference with [his] livelihood and professional relationships". *Id.* at ECF p. 3. Most recently, Plaintiff claims he was informed by

2

Mr. Panichi that "he has been subpoenaed to appear before a federal grand jury on January 6, 2026," and that this "progression—from forewarned retaliatory intent, to reputational sabotage, to nationwide client interference, to grand jury proceedings—establishes imminence, motive, and irreparable constitutional harm." *Id.* at ECF p. 4.

### III

Ordinarily, to obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, a plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). However, because the relief Plaintiff seeks is an Order prohibiting the Defendants "and all persons acting in concert with them, from initiating, presenting, directing, or participating in any grand jury or criminal proceeding concerning Plaintiff", the Court must first consider whether such relief is appropriate even assuming Plaintiff could show that he has carried his burden under Rule 65. For the reasons that follow, the Court finds that such injunctive relief is not appropriate, and that the Plaintiff has failed to demonstrate any basis for granting such an extraordinary remedy in this case. Indeed, the Plaintiff's Motion (D. 26) does not cite any legal authority in support of the relief he requests. *See* (D. 26 at ECF p. 4-5). That fact alone could end the Court's analysis because the Motion fails to comply with Civil Local Rule 7.1(B) which states each "motion raising a question of law . . . must include a memorandum identifying the specific points or propositions of law and supporting authorities upon which the moving party relies". Civil LR 7.1(B). "Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules". *Coleman v. Goodwill Indus. Of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011). Despite this fact, the Court writes briefly to address the shortcomings of the Plaintiff's Motion (D. 26).

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions." *Douglas v. City of Jeannette*, 319 U.S. 157, 163 (1943). Consistent with that principle, federal courts have routinely refused to entangle themselves in the ongoing investigatory decisions of the Executive Branch or to otherwise allow parties to use a civil action as a means of collaterally attacking them. *See, e.g.*, *Deaver v. Seymour*, 822 F.2d 66, 69-70 (D.C. Cir. 1987) ("[I]n no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment."); *United States v. McIntosh*, 833 F.3d 1163, 1172 (9th Cir. 2016) ("In almost all federal criminal prosecutions, injunctive relief . . . will not be appropriate. Federal courts traditionally have refused, except in rare instances, to enjoin federal criminal prosecutions."); *Manafort v. U.S. Dep't of Justice*, 311 F.Supp.3d 22, 26 (D.D.C. 2018) ("It is a sound and well-established principle that a court should not exercise its equitable powers to interfere with or enjoin an ongoing criminal investigation when the defendant will have the opportunity to challenge any defects in the prosecution in the trial court or on direct appeal."). In light of these cases, and the fact that Plaintiff has not cited any authority to the contrary, the Court cannot grant the extraordinary relief that he seeks. To be sure, that does not mean that the Plaintiff would not have an opportunity to raise his defenses in the trial court should a criminal prosecution against him come to fruition. Indeed, because "defendants are already guaranteed access to a federal court, it is not surprising that subjects of federal investigation have never gained injunctive relief against federal prosecutors." *Deaver*, 822 F.2d at 69-70. "Prospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure." *Id.* at 71. Consequently, the Court denies the Plaintiff's Emergency Motion (D. 26) for TRO and Preliminary Injunction.

## IV

For the reasons set forth *supra*, the Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (D. 26) is denied.

*It is so ordered.*

Entered on January 27, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE